# EXHIBIT B

**GRANTED**

THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AUBREY J. SHELTON II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 2024-0197-KSJM |
| v. | ) | |
| | ) | |
| REPAIRPAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION AND [PROPOSED] ADVANCEMENT ORDER

WHEREAS, on February 29, 2024, plaintiff Aubrey J. Shelton II ("Plaintiff") filed his Verified Complaint for Advancement (the "Complaint") against defendant RepairPal, Inc. ("Defendant" or "RepairPal");

WHEREAS, Count I of the Complaint seeks advancement pursuant to RepairPal's Bylaws for legal fees and expenses incurred in connection with Plaintiff's defense of criminal charges for "bank fraud, aiding and abetting" (Counts One Through Three), "wire fraud, aiding and abetting" (Counts Four Through Eight), and "tax evasion" (Counts Nine Through Twelve) asserted in a matter before the United States District Court for the Northern District of California styled *United States v. Aubrey Jackson Shelton II*, Case No. CR23-258JSC (the "Indictment");

WHEREAS, Count II of the Complaint seeks advancement pursuant to the Indemnification Agreement, dated February 24, 2020, for legal fees and expenses incurred in connection with the Indictment;

WHEREAS, Count III of the Complaint seeks payment for attorneys' fees and expenses incurred in bringing this action for advancement ("Fees-on-Fees");

WHEREAS, on May 13, 2024, the Court heard argument on the parties' Cross-Motions for Summary Judgment and ordered RepairPal to advance Plaintiff's expenses for Counts One Through Eight (the "Advanceable Counts") but not for Counts Nine Through Twelve (the "Non-Advanceable Counts") of the Indictment, and two-thirds of Plaintiff's Fees-on-Fees;

IT IS HEREBY STIPULATED AND AGREED among the parties, subject to the approval of the Court, that:

1. In accordance with the procedures below, Defendant shall (i) advance to Plaintiff the attorneys' fees and expenses that Plaintiff has reasonably incurred or will incur in connection with the Advanceable Counts, including pre-judgment interest, and (ii) pay two-thirds of the Fees-on-Fees reasonably incurred in prosecuting this Advancement Action as well as all expenses reasonably incurred in preparing Demands, as defined and described in Paragraph 3.

2. Plaintiff shall make a good-faith effort to (a) exclude fees for services performed and expenses incurred solely in connection with the Non-Advanceable Counts ("Non-Advanceable Amounts") and (b) include only fees for services performed and expenses incurred either (i) solely in connection with the Advanceable Counts, or (ii) in connection with both the Non-Advanceable Counts

2

and the Advanceable Counts that reasonably cannot be attributed solely to the Non-Advanceable Counts or the Advanceable Counts (the "Advanceable Amounts"). Plaintiff is not entitled to advancement for the Non-Advanceable Amounts. Plaintiff is entitled to advancement for the Advanceable Amounts, subject to Defendant's right to contest the reasonableness of Plaintiff's fee demands, in whole or in part, and the right to dispute Plaintiff's determination that particular fees and expenses constitute Advanceable Amounts in accordance with the procedures set forth herein.

3. For all amounts Plaintiff seeks with respect to Paragraph 1, including Fees-on-Fees, Plaintiff shall submit to Defendant's counsel of record in the Advancement Action a demand (each, a "Demand") in the following fashion:

    a. An invoice identifying the fees and expenses for which advancement or payment is sought. The invoice shall provide for each time entry the (i) date, (ii) timekeeper and billing rate, (iii) task description, (iv) time incurred, and (v) amount charged. The invoice shall identify with detail for each expense the (i) date of the charge, (ii) its nature, and (iii) the amount incurred. Plaintiff may redact task description information to the extent necessary to maintain the confidentiality of information protected by the attorney-client, work product, or any other applicable privilege. The invoice must provide

sufficient non-redacted detail to enable Defendant to distinguish Advanceable Amounts from Non-Advanceable Amounts.

b. A certification signed by a senior Delaware attorney representing Plaintiff attesting that he/she personally reviewed the invoice, consulted with counsel who provided the invoice, considered such other information the senior Delaware attorney deemed appropriate, and determined in his/her good faith professional judgment that (i) each time entry and expense for which payment is sought was reasonably incurred in connection with the Indictment or in connection with the above-captioned action; (ii) the fees and expenses for which payment is sought have been appropriately included in the Demand in accordance with Paragraph 2; (iii) the fees and expenses charged were reasonable in light of the factors listed in Rule 1.5(a) of the Delaware Lawyers' Rules of Professional Conduct; and (iv) the services rendered were thought prudent and appropriate.

4. For all requests for advancement or Fees-on-Fees, Plaintiff shall submit to Defendant a Demand complying with Paragraph 3 of this Order by the 20th calendar day of each month for all fees and expenses incurred in the previous month; provided, however, that any fees and expenses incurred in the month(s) before the

entry of this Order shall be submitted within 30 days after the entry of this Order (and any Response, as defined below, to the first Demand after entry of this Order will be made within 15 business days after receipt of the first Demand). Any fees or expenses not included in the Demand shall be deemed waived, except for good cause and except that any fees or expenses incurred with non-lawyer vendors that do not provide an invoice before the 19th day of a given month may be submitted with the request for payment in the month following receipt of the invoice.

5. Any objections to a Demand made under Paragraph 3 of this Order shall be raised in a written response (each, a "Response") from Defendant's counsel to Plaintiff's counsel 10 business days after the submission of invoices pursuant to Paragraph 3 of this Order. The Response shall identify each specific time entry or expense to which Defendant objects and explain the nature of the objection. A senior Delaware attorney representing Defendant shall certify that (i) he/she personally reviewed the Demand, consulted with counsel involved in the Indictment, considered such other information the senior Delaware attorney deemed appropriate, and (ii) determined in his/her professional judgment that the disputed fees and expenses are not reasonable, are not consistent with, or otherwise fall outside Plaintiff's rights under this Order. The Response shall cite the factual basis and/or legal authority on which Defendant relies. Any objection not included in the Response shall be deemed waived as to the Demand subject to the Response.

6. Any portion of the Demand not objected to must be paid in full within 15 business days after the submission of invoices pursuant to Paragraph 3 of this Order. If Defendant disputes more than 50% of the amount sought in any demand, Defendant shall pay 50% of the amount sought, and Plaintiff's Delaware counsel shall hold the amount exceeding the undisputed amount in an escrow account pending the resolution of the dispute regarding such portion.

7. Within 10 business days of receiving the Response, Plaintiff's counsel will reply to the Response (each, a "Reply") in writing and provide supporting information and authority.

8. Within 5 business days after the submission of Plaintiff's Reply, the senior Delaware attorneys representing Plaintiff and Defendant shall meet-and-confer telephonically regarding any disputed amounts. Any additional payments that result from the meet-and-confer shall be made with the next month's payment of undisputed amounts.

9. Not more frequently than quarterly, Plaintiff may file an application (each, an "Application") pursuant to Court of Chancery Rule 88 seeking a ruling on the disputed amounts. Briefing shall consist of a motion, of not more than 3,000 words; an opposition, of not more than 3,000 words, filed within 15 calendar days of the motion; and a reply, of not more than 2,000 words, filed within 10 calendar days of the opposition. Plaintiff and Defendant shall not raise any new arguments

not previously raised with the other side in the applicable Demand, Response, Reply, or meet-and-confer. Plaintiff and Defendant shall cite only authorities identified in writing in the applicable Demand, Response, or Reply. The Court will determine if a hearing is warranted.

10. If the Court grants an Application in whole or part, then pre-judgment interest at the Delaware legal rate, pursuant to 6 *Del. C.* § 2301(a), compounded quarterly, is due on the adjudicated amount from the date of the applicable Demand. In addition, in parallel with the next Demand, Plaintiff may demand payment of Fees-on-Fees incurred in connection with the granted Application, proportionate to the extent of success achieved. The parties shall address such Fees-on-Fees demand in the same manner as a Demand made under Paragraph 3 of this Order. Except in connection with a successful Application to the Court, Plaintiff shall not seek payment for time spent addressing Responses or conferring regarding Demands made.

11. The parties shall negotiate in good faith an appropriate form of confidentiality stipulation, subject to the Court's approval, governing the submission and review of Plaintiff's invoices, and may designate under such confidentiality stipulation any invoices shared pursuant to the terms of this Order, including invoices shared before execution and Court approval of such confidentiality stipulation. Until the Court enters a confidentiality order, parties and their counsel

shall treat Plaintiff's invoices provided under this Order as confidential and use such invoices for the sole purpose of reviewing, certifying, or paying Demands under this Order.

12. The time periods set forth in Paragraphs 3 through 9 may be modified by written consent of the parties without the approval of the Court. The remainder of the terms herein may be modified or waived by written consent of the parties hereto, effective only upon the Court's approval. Any deadline in this Order that falls on a Saturday, Sunday, or legal holiday, shall be due the next business day immediately following the Saturday, Sunday, or legal holiday.

By: */s/ T. Brad Davey*
   T. Brad Davey (#5094)
   Berton W. Ashman (#4681)
   Megan R. Thomas (#7273)
   POTTER ANDERSON &
    CORROON LLP
   1313 North Market Street
   Hercules Plaza, 6th Floor
   P.O. Box 951
   Wilmington, Delaware 19801
   (302) 984-6000

*Attorneys for Plaintiff Aubrey J. Shelton II*

By: */s/ Katie Barksdale*
   Marc S. Casarino (#3613)
   Katie Barksdale (#6101)
   KENNEDYS CMK LLP
   222 Delaware Avenue, Suite 710
   Wilmington, Delaware 19801
   (302) 308-6647

*Attorneys for Defendant RepairPal, Inc.*

IT IS SO ORDERED, this \_\_\_\_ day of _____, 2024.

                                                _____
                                                Chancellor Kathaleen St. J. McCormick

| | |
|---:|:---|
| This document constitutes a ruling of the court and should be treated as such. | |
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Kathaleen St Jude McCormick |
| **File & Serve Transaction ID:** | 73290613 |
| **Current Date:** | Jun 03, 2024 |
| **Case Number:** | 2024-0197-KSJM |
| **Case Name:** | Aubrey J. Shelton II v. RepairPal, Inc. |
| **Court Authorizer:** | Kathaleen St Jude McCormick |

**/s/ Judge Kathaleen St Jude McCormick**