UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>AUBREY JACKSON SHELTON,<br>Defendant. | Case No. 23-cr-00258-JSC-1<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT**<br><br>Re: Dkt. No. 112 |
|---|---|

In August 2023, the government indicted Mr. Shelton on three counts of bank fraud (Counts 1-3), five counts of wire fraud (Counts 4-8), and four counts of tax evasion (Counts 9-12) arising from an alleged seven-years long scheme to embezzle funds from his employer ("the Employer"). (Dkt. No. 1.)[1] About a year later, the government moved for leave pursuant to Federal Rules of Criminal Procedure 48(a) to dismiss the bank and wire fraud charges. (Dkt. No. 65.) The government's admitted purpose in dismissing those counts, and proceeding solely on the tax evasion counts, was so the Employer could avoid being required to advance Mr. Shelton's legal fees, as a Delaware court ordered it to do. (Dkt. No. 101 at 30:18-31:2.) The Court denied the government leave to dismiss the bank and wire fraud counts, concluding, as a matter of first impression, that to permit it to do so would violate Mr. Shelton's Sixth Amendment right to counsel of his choice. (Dkt. No. 99.)

Mr. Shelton now moves the Court to "dismiss the indictment in its entirety pursuant to the Court's supervisory powers to (1) sanction the government for violating Shelton's Sixth Amendment and Due Process rights, and (2) deter the government from violating other criminal

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  defendants' constitutional rights." (Dkt. No. 112 at 1.)  After carefully considering the parties'
2  submissions, and having had the benefit of oral argument on December 18, 2024, Mr. Shelton's
3  motion is DENIED.

## DISCUSSION

"A district court is imbued with discretion in the supervision of proceedings before it and may dismiss an action when, in its judgment, the defendant suffers substantial prejudice and where no lesser remedial action is available." *United States v. Bundy*, 968 F.3d 1019, 1023 (9th Cir. 2020); *see also United States v. Tucker*, 8 F.3d 673, 674 (9th Cir. 1993) (en banc) (explaining "a federal court may not exercise its supervisory power to reverse a conviction or dismiss an indictment absent prejudice to the defendant"). Mr. Shelton has not demonstrated he was prejudiced by the government's unsuccessful request for leave to dismiss the bank and wire fraud counts.

Before the government moved for leave to dismiss those counts, Mr. Shelton faced a 12-count indictment. Today he faces the exact same 12-count indictment. So, the government's request—which at Mr. Shelton's urging was denied—did not prejudice Mr. Shelton. And Mr. Shelton offers no evidence that the request itself interfered in a material way with his defense. Before the government made its request Mr. Shelton was represented by his counsel of choice—Mr. Fee—and today Mr. Shelton is still represented by his counsel of choice—Mr. Fee. Mr. Fee attests that once the government said it would dismiss the bank and wire fraud counts the Employer stated it would no longer advance costs and Mr. Shelton "lost the source of funds he was using to pay" for other defense-related costs, such as vendors to serve subpoenas and his expert witness. (Dkt. No. 112-1 ¶ 2.) But Mr. Shelton offers no evidence this loss of funds was anything other than temporary given the Court's denial of the government's dismissal request. And Mr. Shelton also offers no evidence this temporary loss of funds prejudiced him, that is, that he has been unable to serve subpoenas or unable to work with his retained expert. And the Court continued the trial date by three months after Mr. Shelton alleged payment issues would necessitate additional time. (Dkt. No. 108 at 3:9-24.) Furthermore, Mr. Shelton's one sentence argument that he "suffered prejudice by having to choose between his constitutional rights and a

greater number of criminal charges" is unsupported and unpersuasive. He is in the same position today as he was before the government's request.

*United States v. Stein*, 495 F. Supp. 2d 390 (S.D.N.Y. 2007), upon which Mr. Shelton relies, supports denial of Mr. Shelton's motion. First, as the district court noted, "[d]ismissal of an indictment on the grounds of prosecutorial misconduct is an extreme and drastic sanction that should not even be considered unless it is otherwise impossible to restore a criminal defendant to the position that he would have occupied but for the misconduct." *Id.* at 419 (cleaned up). As explained above, Mr. Shelton is in the same position as before the government moved for leave to dismiss the bank and wire fraud counts: he faces a 12-count indictment and is represented by counsel of his choice. Further, his contractual right to the Employer paying his fees, as determined by the Delaware court, still stands. So, applying *Stein*, dismissal is not warranted.

Second, in *Stein*, the district court found the government's conduct—the Thompson memorandum—caused the employer to cut off fees once the defendants were indicted. *Id.* at 404. And, the court also found the employer would have paid the fees absent the Thompson memorandum. *Id.* at 406. Finally, the court found that four defendants were prejudiced by having been deprived of counsel of their choice, others were prejudiced by having their defenses limited by their employer's refusal to pay legal expenses due to the Thompson memorandum, and the record showed the employer still would not pay the defendants' legal fees, even after the court's ruling. *United States v. Stein*, 541 F.3d 130, 145 (2nd Cir. 2008). The circumstances here are not remotely similar. There is nothing in the record that suggests the Employer is not currently complying with the Delaware court's order and paying for Mr. Shelton's counsel of choice.

The other cases upon which Mr. Shelton relies do not support his position. In *Bundy*, the government withheld *Brady* material resulting in a mistrial. 968 F.3d at 1044. The court emphasized, "simply showing a *Brady* violation—withholding evidence that caused prejudice—is not a sufficient basis to dismiss an indictment," absent "'substantial prejudice' to the accused." *Id.* at 1031 (quoting *United States v. Kearns*, 5 F.3d 1251, 1252 (9th Cir. 1993)). And in *United States v. Kojayan*, 8 F.3d 1315 (9th Cir. 1993), the defendant was convicted after a jury trial. The Ninth Circuit upheld dismissal as a remedy to the government's withholding of material evidence

3

that "deprived the defendants of an opportunity to put on what could have been a powerful defense." *Id.* at 1323-24.  Indeed, these cases merely highlight Mr. Shelton's lack of substantial prejudice.

Mr. Shelton's suggestion that the Court can dismiss the indictment even without a prejudice finding because the government's conduct was so egregious is wrong on several fronts. First, as explained above, the Court cannot dismiss the charges without finding substantial prejudice.  Second, the Court does not agree with Mr. Shelton's characterization of the government's conduct.  The circumstances here were unique: a defendant charged with embezzling funds from his former employer has a contractual right to advancement of legal fees to defend those charges.  At the victim's request, the government moves to dismiss the charges that give rise to the contractual right so the victim does not have to fund the defendant's defense. While the Court concluded the government's intent to help the victim did not justify its interference with Mr. Shelton's Sixth Amendment right to counsel of his choice, the Court's decision was a matter of first impression.  That the government disagrees with the Court's analysis is unsurprising and certainly not sanctionable.  Reasonable jurists—and attorneys—could disagree.  What would be unreasonable, however, would be for the Court to dismiss the indictment on the record here.

Finally, in the alternative Mr. Shelton asks the Court to hold an evidentiary hearing about what the government knew about the Employer's ability to pay.  But what it knew is immaterial to the motion to dismiss in the absence of any substantial prejudice to Mr. Shelton.  So, Mr. Shelton's motion is DENIED.

This Order disposes of Docket No. 112.

**IT IS SO ORDERED.**

Dated: December 18, 2024

JACQUELINE SCOTT CORLEY
United States District Judge