UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

AUBREY JACKSON SHELTON,

Defendant.

Case No. 23-cr-00258-JSC-1

**ORDER FOLLOWING FEBRUARY 20, 2025 PRETRIAL CONFERENCE**

This Order reflects the matters discussed at the February 20, 2025 pretrial conference.

I.    **DEFENDANT'S MOTIONS IN LIMINE**

    **A. Motion to Exclude Evidence of Payments to Defendant Other Than Charged Transaction**

Defendant's motion to exclude any and all evidence related to payments he allegedly caused RepairPal to make to him other than the eight transactions charged in the indictment is DENIED.   The Indictment charges Defendant with a "Scheme to Defraud" in connection with the bank and wire fraud counts.  (*See, e.g.,* Dkt. No. 1 ¶¶ 11-16.)[1]  So, evidence of other allegedly fraudulent payments are not Rule 404(b) material.  *See United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016).  Further, these payments are described in paragraphs 11 through 16 of the Indictment, so Defendant did have notice of the government's intent to use these payments as evidence.

    **B. Motion to Exclude Evidence of Alleged Drug Use**

Defendant's motion to exclude any mention of Defendant's alleged drug use is

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  GRANTED.  Any evidence of alleged drug use is more prejudicial than probative given the

2  witnesses appear to be speculating Defendant's erratic behavior was caused by drug use.  Further,

3  according to witness Shaw's statement, Defendant's alleged erratic behavior did not start until

4  2021, so it cannot be the motive for his alleged crimes which the government alleges started in

5  2013.  Indeed, the government's 404(b) notice argues Defendant's alleged lavish lifestyle is the

6  motive for his crimes.  So, drug use evidence is "not necessary to provide a coherent and

7  comprehensible story regarding the crimes for which" he is charged. *United States v. Beckman*,

8  298 F.3d 788, 794 (9th Cir. 2002).

9          **C.**       **Tax Returns for Uncharged Years**

10         Defendant is charged with tax evasion for filing years 2017, 2018, 2019 and 2020.  But the

11  government seeks to offer evidence that Defendant also underpaid taxes for filing years 2014,

12  2015, and 2016 and did not file any return in 2021.  This uncharged conduct was not included in

13  the government's original 404(b) Notice, but was included in the court-ordered amended notice.

14  (Dkt. No. 158.)  But, even before the amended notice, Defendant was aware of the government's

15  intent to offer the tax returns; hence, the motion in limine requesting exclusion.  (*See* Dkt. No. 136

16  at 10-11.)

17         The Court DENIES Defendant's motion.  The Indictment specifically alleges Defendant

18  willfully attempted to evade taxes "[f]rom in or about April 2014 through in or about December

19  2021" (Dkt. No. 1 at 9), although the charged counts only go back to 2017 for statute of

20  limitations reasons.  The uncharged tax returns are circumstantial evidence of Defendant's

21  willfulness in underpaying taxes for the charged years.  *See United States v. Polk*, 550 F.2d 566

22  (9th Cir. 1977); *see also United States v. Kukhahn*, 488 F. App'x 232, 233 (9th Cir. 2012).

23         The earlier tax returns are also relevant to the fraud charges. The government's theory is

24  that in 2014 Defendant stopped embezzling by increasing his salary and switched to mileage

25  reimbursement so that taxes would not be withheld from the alleged unauthorized payments.  The

26  tax returns show he did not pay any tax on the reimbursement amounts.  Indeed, the Indictment

27  alleges "Shelton also submitted false income tax returns failing to report the amounts he caused

28  himself to be paid under the false 'mileage reimbursement' category, knowing that the payment

United States District Court
Northern District of California

was not a legitimate reimbursement." (Dkt. No. 1 ¶ 12.)   But, a limiting instruction is needed to ensure the jury does not improperly consider the tax returns as propensity evidence.  The parties shall meet and confer and submit a proposed limiting instruction no later than Friday, February 28, 2025.

The Court GRANTS the motion to exclude evidence of Defendant's failure to file a return in 2021.  Failing to file a return is very different conduct from that alleged in the Indictment and so its probative value to willfulness is minimal.  In contrast, the danger of prejudice is high.  *See* Fed. R. Evid. 403.

### C.  Exclude Portions of Agent's Weitzel's Testimony

Defendant's motion is GRANTED as discussed at the pretrial conference.  The government shall submit a revised summary of Agent Weitzel's testimony on or before Tuesday, February 25, 2025 at 5:00 p.m. PST.  The government shall provide Defendant with all charts and summaries Agent Weitzel intends to use in advance of trial.

### D.  Greg Regan

At the pretrial conference, the government represented Greg Regan will offer testimony as to how he searched for documents in the course of his investigation and what documents he discovered.  This testimony is permissible.

## II.       GOVERNMENT'S MOTIONS IN LIMINE

### 1.  No Witnesses or Exhibits Failed to Produce by Court-Ordered Deadline

Rule 16 requires that a criminal defendant provide reciprocal discovery of any evidence the defendant intends to use in its case-in-chief at trial.  Fed. R. Crim. P. 16(b)(1).  While the Rule does not include a deadline, Criminal Local Rule 17.1-1 contemplates disclosure of witness and exhibit lists by both the government and defense ahead of the pretrial conference.  And, the Court, pursuant to stipulation, ordered the parties to exchange such lists by  January 16, 2025.  (Dkt. No. 134.)  The government complied; Defendant did not.  But, one week before the pretrial conference, Defendant produced his exhibit and witness lists so, the government's motion to exclude is DENIED.

//

United States District Court
Northern District of California

1

**2. To Preclude Defendant From Introducing his own Statements.**

The government's motion to preclude Defendant's own statements is DENIED without prejudice given that no statements are identified in the government's motion.

**3. To Admit Business Records**

At the pretrial conference Defendant represented that he does not have authenticity objections to the business records on the government's exhibit list. So, the parties shall meet and confer as to how the records will be admitted.

**III.    OTHER MATTERS**

**A. Jury Selection**

Jury selection will occur on February 28, 2025. The parties should arrive by 8:00 a.m. in the event there are issues to discuss. The jury will consist of 12 jurors and two alternates. Each side will be given 30 minutes to voir dire the first 32 jurors "in the box" and should indicate if the party wants to reserve any time for further questioning following opposing counsel's questioning. The Court will advise the jury that the parties hope to get the case to the jury by Monday, March 10. The parties shall exchange anticipated demonstratives for opening statements by 4:00 p.m. on February 28.

**B. Trial Schedule**

Trial will commence on March 3, 2025. Trial will begin at 8:30 a.m. each day and go until around 3:00 p.m. The parties should be present by 8:00 a.m. each morning to discuss any issues that have arisen or may arise that day.

The government shall identify for Defendant its anticipated witnesses and exhibits to be used with the witness 24 hours in advance. So, for example, by 8:30 a.m. Sunday, March 2 (if not before), the government shall advise Defendant who they intend to call on March 3 and what exhibits they intend to introduce. If Defendant puts on a case, the same requirement will apply.

**C. Juror Excusals**

By Monday, February 24, 2025, the parties shall jointly advise the Court in writing whether they agree to hardship dismissal of juror nos. 10, 15, 23, 26, 46 and/or 56, as well as if there are any additional potential jurors which they agree should be excused.

United States District Court
Northern District of California

1    This Order disposes of Docket Nos 135, 136.

2    **IT IS SO ORDERED.**

3    Dated: February 21, 2025

4

5

6    JACQUELINE SCOTT CORLEY
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28