UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AUBREY JACKSON SHELTON,<br>Defendant. | Case No. 23-cr-00258-JSC-1<br><br>**ORDER RE: DEFENDANT'S MOTIONS IN LIMINE 4 AND 5**<br><br>Re: Dkt. Nos. 170, 173 |

Defendant Aubrey Shelton, through two motions in limine, seeks to exclude six government exhibits which are broadly categorized as: (1) documents found in Mr. Shelton's home and allegedly recording his annual income numbers (Trial Exhibits 227, 228, and 229); and (2) credit card applications (Trial Exhibits 305, 311, and 316). (Dkt. Nos. 170, 173.)[1]

The motions are GRANTED as stated in open court. These documents have marginal relevance to the charges. As it is undisputed Mr. Shelton never presented exhibits 227, 228, and 229 to anyone it is pure speculation as to why he created them (putting aside the dispute as to whether he did) and thus of weak probative value as to what he believed his reportable income was. And, as for the credit card applications, which apparently were created online, the government does not know what questions the applications asked Mr. Shelton regarding his income; again, it is pure speculation as to why he entered the income (or checked the box) he did. And admitting these exhibits would be unfairly prejudicial because it could lead the jury to infer Mr. Shelton was lying on credit card applications and forging company documents. *See* Fed. R. Evid. 401(b). In other words, the exhibits might improperly "lure the factfinder into declaring guilt

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). So, the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. 403. Defendant's motions in limine 4 and 5 are therefore GRANTED.

This Order disposes of Docket Nos. 170 and 173.

**IT IS SO ORDERED.**

Dated: March 3, 2025

JACQUELINE SCOTT CORLEY
United States District Judge